*302 ORDER (Awarding Attorney’s Fees)
AMANDA L. ROCKMAN,* Associate Judge.
INTRODUCTION
The Court must determine whether to grant attorney’s fees to the defendant in this matter. The plaintiff claims the defendant is not entitled to attorneys fees due to untimely filing of the motion for attorney’s fees. The defendant counters that the Court should ignore a minor procedural flaw in the interest of equity. The following discussion covers the relevant legal issues.
PROCEDURAL IIISTORY
This lawsuit arose out of a conflict between the Ho-Chunk Nation Legislature (hereinafter Legislature) and President George Lewis regarding the submission of portions of the 2004-2005 fiscal year budget in March 2003. The Court recounts the procedural history in detail in its previous judgment. Order (Denying Plaintifs Motion for Summary Judgment), CV 04-73 (HCN Tr. Ct., Apr. 18, 2005) at 1-2. For the purpose of this decision, the Court notes since the April 18, 2005 judgment, the parties reached an agreement on all issues, except the narrow question of legal fees for Court determination. This agreement was memorialized in the April 19, 2005 Stipulation and Order. The Court accepted the Stipulation and Order, and dismissed the case with prejudice, allowing the defendant a two (2) week timeframe to file a Motion for Attorney ’s Fees. Stipulation and Order, CV 04-73 (HCN Tr. Ct., Apr. 19, 2005) at 1-2. Pursuant to the Order, counsel submitted Defendant’s Motion for Attorney’s Fees with the Court on May 3, 2005. The Court was unable to file the Motion due to failure to indicate service on all parties, and sent a letter to this effect on May 11, 2005. The Motion was officially filed on May 13, 2005.[1]
APPLICABLE LAW
Department of Justice Establishment and Organization Act of 2001 (1 HCC § 8)
3. Mission. The Ho-Chunk Department of Justice shall protect the legal rights and interests of the Nation and the collective rights and interests of Tribal Members. In doing so, the Department shall safeguard the interests of the Nation, enhance the sovereignty of the Nation, and exercise stewardship over those resources committed to it by the Nation and foreign jurisdictions.
4. Functions. The Department of Justice shall:
*303 a. Defend the sovereignty of the Ho-Chunk Nation.
b. Provide expert legal advice and competent representation for all Branches of the Nation on those matters that concern the Nation’s interests and welfare.
Ho-Chunk Nation Rules of Civil Proce. dure (adopted Feb. 22, 1997)
Rule 5. Notice of Service of Process.
(B) General. Any time a party files a document other than the Complaint or Citation with the Court in relation to a case, the filing party must serve copies on the other parties to the action and provide Certificate of Service to the Court. Anytime the Court issues an Order or Judgment in the context of an active case, the Court must serve copies on all parties. Sendee of process can be accomplished as outlined in Section (C).
Rule 53. Relief Available.
Except in a Default Judgment, the Court is not limited to the relief requested in the pleading and may give any relief it deems appropriate. The Court may only order such relief to the extent allowed by the Ho-Chunk Nation enactments. The Court may order any party to pay costs, including attorney’s fees, filing fees, costs of service and discovery, jury and witness costs. Findings of fact and conclusions of law shall be made by the Court in support of all final judgments.
Rule 61. Appeals.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief front Judgment or Order. Other-wise, “[ajny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically Rides of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.
FINDINGS OF FACT
1. The Court incorporates by reference the Findings of Fact enumerated in the preceding judgment. Stipulation and Order, CV 04-73 (HCN Tr. Ct. Apr. 19, 2005) at 1-2.
2. Pursuant to paragraph 11 of the Stipulation^ the parties agreed to a two (2) week deadline for the submission of the Defendant’s Motion far Attorney’s Fees. Stipulation and Order, CV 04-73 (HCN Tr. Ct., Apr. 19, 2005) at 1-2.
3. Two weeks after entry of the Order, on May 3, 2005 at 3:44PM, counsel for the defendant submitted the Motion for Attorney’s Fees via fax to the Tribal Courts. Fax Transmittal, (May 3, 2005).
4. The faxed Motion lacked proof of service "upon the other party, as required by Ho-Chunk Nation Rules of Civil Procedure (hereinafter- HCN R. Civ. Rule 5(B). On May 11, 2005 Tribal Court Administrative Assistant J. Cleveland sent a letter to the defendant’s counsel informing them of the deficiency via a Notice of Deficiency.
5. On May 13, 2005, the Motion was officially filed with the Court. Defendant’s Motion for Attorney’s Fees, CV 04-73 (HCN Tr. Ct., May 13, 2005).
*304 DECISION
This Court has the ability to award fees and costs in matters before it by HCN R. Civ. P. 53. The parties to this action do not question that the respondent’s actions were within the scope of his duties as President of the Ho-Chunk Nation. Under the Department op Justice Establishment and Organization Act of 2001, the Department of Justice (hereinafter DOJ) is required to provide competent representation to the President in official matters. 1 HCC § 8(4)(b). But for DOJ Attorney General Rebecca Weise’s recusal of herself on May 24, 2004, President Lewis would have been entitled to DOJ representation in this matter. The Legislature, acting in its professional capacity, utilized Attorney William A. Boulware, Jr.; the President, likewise, should have received representation in this action. This Court’s granting of attorney’s fees in this matter merely restores the. status quo as it would have existed without Attorney Weise’s recusal.[2]
It is necessary for the Court to distinguish recent decisions denying the award of attorney’s fees under the American Rule. See, e.g., Chloris Lowe, Jr. v. HCN Legislature Members Elliot Garvin et al., CV 00-104, 5 Am. Tribal Law 160, 2004 WL 5588795 (HCN Tr. Ct., Mar. 22, 2004). The Court finds the present case distinguishable from past fees cases. Primarily, in the present case there was a specific Stipulation and Order entered by the parties on April 19, 2005. Within this Stipulation, the parties specifically chose to submit the question of legal fees to be decided by the Court. Stipulation and Order, ¶ 11. Also, -whereby the petition was made for lees in Lowe, the plaintiffs occupied a diminished role in the litigation; the participation of the defendant, in the case-at-hand was central to this proceeding. Loive at 2, 5 Am. Tribal Law at 160-61.
The plaintiff claims while the parties did stipulate to the submission of a request for legal fees, the defendant failed to abide by the schedule set out by the Court. While the Court wishes to reinforce the importance of respecting deadlines it imposes, it must note the fact the Motion for Attorney’s Fees was originally time-stamped by this Court on May 3, 2005; within the two-week period set forth in the April 19, 2005 Order. While the Court was unable to file the Motion until May 13, 2005, due to failure to indicate proper service, such failure before an arbitrary deadline cannot be allowed to defeat a valid claim.
Pursuant to the mutual agreement of the parties, the defendant’s counsel did indeed file a late request for attorney’s fees. Perhaps the untimely Notice of Deficiency resulted in the defendant’s failure to rectify his failure to properly serve the plaintiffs in a timely manner, but the Court is not obligated to send such a Notice of Deficiency document. Regardless, the Court will not deprive the defendant of what may be rightfully his due to a procedural omission. The parties stipulated to a payment of attorney’s fees, which certainly did not hinge upon filing a request by a date certain. The Court is not intending to indicate that parties may choose to ignore procedural or substantive time-lines, but this case differs from most cases in that the parties voluntarily agreed to have the Court resolve this single issue. In an effort to avoid an absurd result, the Court will consider the defendant’s request.
BASED UPON THE FOREGOING, the Court hereby grants President Lewis’ *305 request for attorneys’ fees in this matter. Mr. Lewis shall submit an accounting with the relevant documentation to the Court within three (3) months after receipt of the fees, detailing the expenses incurred in this suit.[3] Failure to do so may subject the defendant to the contempt powers of the Court pursuant to the Ho-Chunk Nation Contempt Ordinance.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief f rom Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. HCN R. Civ. P. 61.
IT IS SO ORDERED this 6th day of November 2006, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

 The Court appreciates the assistance ot Staff Attorney Jennifer Logan Tilden in the preparation of this opinion.

. The presiding judge extends her sincerest apologies and regrets to the parties for the failure of the Court to enter a timely decision in this matter. Each trial judge maintains a duty to "dispose promptly of the business of the court." HCN Rules of Judicial Ethics, § 4-HE); see also In the Matter of Timely Issuance of Decisions, ADMIN. RULE 04-09-05(1) (HCN S.Ct., Apr. 9, 2005) (requiring issuance of final judgments within ninety (90) days following completion of trial level process). In the interests of justice, the Court informs the parties of the availability of seeking mandamus relief from the Ho-Chunk Nation Supreme Court in order to compel action of a trial level judge. See In re: Casimir T. Ostrowski, SU 05-01 (HCN S.Ct., Feb. 21, 2005) (citing Constitution of the Ho-Chunk Nation, Art. VII, § 6(a)). This case was originally assigned to former Chief Judge Boss-man, who subsequently did not take any action on the case during his tenure. The case was reassigned to pro tempore Judge Tina F. Gouty-Yellow who also did not take any action on the case during her limited tenure, which expired on December 15, 2005.

. The Court refrains from resolving the issue of whether an unrepresented official party can unilaterally obtain counsel: in the absence of a DOJ appointment. To reiterate, the parties stipulated to the payment of attorneys’ fees in the instant case.

. In dicta, the Court stated ‘‘if the Court were to award lay advocate feesfl it would scrutinize the billings to determine whether they were reasonable and necessary and broken into standard billing units of no less than ⅛ hours for lay advocates and paralegals or the lowest tenths of hours for attorneys.” Jolene Smith v. Scott Beard, as Dir. of HCN Dep't of Educ., et. al., CV 96-94 (HCN Tr. Ct., Sept. 6, 2000) at 4. This practice equates with the manner of reimbursement utilized in juvenile case Guardian ad litem appointments.